JUDGE LYNCH

Turner P. Smith (TP-8052)
Joshua L. Blosveren (JB-6194)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

08 CV 4579

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
MAY 16 2008
U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------------------ X
                              :

HUTZLER MANUFACTURING COMPANY, INC.     :

                     Plaintiff,     :     **COMPLAINT**

                     -against-     :

                              :     **08 Civ.**

ANJALI IMPORTS INC. and NON-FOODS     :
MARKETING, INC.,     :

                     Defendants.     :
                              :
------------------------------------------------ X

         Plaintiff Hutzler Manufacturing Company, Inc. ("Hutzler"), for its complaint

against defendants Anjali Imports Inc. ("Anjali") and Non-Foods Marketing, Inc. ("Non-Foods")

alleges as follows:

<u>**Nature Of The Action**</u>

         1.      This is a civil action for injunctive relief and damages arising under the

Acts of Congress relating to patents, 35 U.S.C. § 1 *et seq.*

<u>**The Parties**</u>

         2.      Plaintiff Hutzler is a corporation organized and existing under the laws of

the State of New York. Hutzler does business in this judicial district.

3.    On information and belief, defendant Anjali is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 224 West 30th Street, New York, NY 10001.

4.    On information and belief, the principal place of business for defendant Non-Foods is 82 Cantiague Rock Road #A, Westbury, NY 11590.

## Jurisdiction and Venue

5.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

6.    This Court has personal jurisdiction over defendants because defendants continuously and systematically conduct business within the State of New York.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b), because on information and belief, defendants reside and/or have engaged in the complained-of acts of patent infringement in this judicial district.

## Allegations Common To All Claims For Relief

## Hutzler's Patents

8.    Hutzler, a manufacturer and distributor of housewares, has been family owned and operated since 1938. In the 1980s, Hutzler began manufacturing unique kitchen gadgets.

9.    Recently, Hutzler introduced a line of products used for storing and preserving various types of produce. This line of plastic products, some of which resemble the type of produce they are designed to store and keep fresh, is called the "Food Saver Line." Three products in the Food Saver Line – the "Tomato Saver," the "Lemon/Lime Saver" and the "Onion Saver" – are covered by U.S. patents owned by Hutzler.

-2-

### The Tomato Saver Patent

10. On March 16, 2007, Hutzler filed a patent application with the United States Patent and Trademark Office ("PTO") in connection with a claim for the "ornamental design for a tomato keeper." On February 19, 2008, the PTO issued U.S. Patent No. D562,082 ("the '082 Patent"), showing and describing the "ornamental design for a tomato keeper," with Hutzler as the assignee from the inventors. Attached hereto as Exhibit 1 is a true and correct copy of the '082 Patent. Hutzler is the owner of the entire right, title and interest in and to the '082 Patent. The '082 Patent is in full force and effect.

11. Pursuant to 35 U.S.C. § 287, since the issue date of the '082 Patent, Hutzler has marked each tomato container it has designed, manufactured and sold (under the name Tomato Saver) in accordance with the '082 Patent with the full patent number for the '082 Patent. Prior to the patent issue date, such products were marked as "patent pending."

### The Lemon/Lime Saver Patent

12. On May 12, 2005, Hutzler filed a patent application with the PTO in connection with a claim for the "ornamental design for a container" intended to hold citrus fruits (i.e., lemons or limes). On October 23, 2007, the PTO issued U.S. Patent No. D553,443 ("the '443 Patent"), showing and describing the "ornamental design for a container" intended to hold citrus fruits, with Hutzler as the assignee from the inventors. Attached hereto as Exhibit 2 is a true and correct copy of the '443 Patent. Hutzler is the owner of the entire right, title and interest in and to the '443 Patent. The '443 Patent is in full force and effect.

13. Pursuant to 35 U.S.C. § 287, since the issue date of the '443 Patent, Hutzler has marked each citrus fruit container it has designed, manufactured and sold (under the name Lemon/Lime Saver) in accordance with the '443 Patent with the full patent number for the '443 Patent. Prior to the patent issue date, such products were marked as "patent pending."

**The Onion Saver Patent**

14.    On May 4, 2006, Hutzler filed a patent application with the PTO in connection with a claim for the "ornamental design for an onion container." On March 13, 2007, the PTO duly and legally issued U.S. Patent No. D538,114 ( "the '114 Patent"), showing and describing the "ornamental design for an onion container," with Hutzler as the assignee from the inventor. Attached hereto as Exhibit 3 is a true and correct copy of the '114 Patent. Hutzler is the owner of the entire right, title and interest in and to the '114 Patent. The '114 Patent is in full force and effect.

15.    Pursuant to 35 U.S.C. § 287, since the issue date of the '114 Patent, Hutzler has marked each onion container it has designed, manufactured and sold (under the name Onion Saver) in accordance with the '114 Patent with the full patent number for the '114 Patent. Prior to the patent issue date, such products were marked as "patent pending."

**Defendants' Infringement**

16.    Anjali imports household products manufactured in Asia into North America, where it distributes them.

17.    On information and belief, Anjali has sold, and is offering for sale, in this judicial district and other parts of the United States, products that infringe the '082 Patent, the '443 Patent and the '114 Patent (the "Infringing Products").

18.    On information and belief, Anjali purchased the Infringing Products from a manufacturer in China, likely a company called Star Glory Ltd. ("Star Glory").

19.    The Tomato Saver product manufactured and distributed by Hutzler is based on the design and drawings of the '082 Patent. A photograph of Hutzler's Tomato Saver product is attached hereto as Exhibit 4. A photograph of the tomato container being distributed by defendants is attached hereto as Exhibit 5. A photograph of Hutzler's Tomato Saver and

4571075v4

defendants' tomato container side-by-side is attached hereto as Exhibit 6. The tomato container being distributed by defendants is clearly and unmistakably manufactured according to the design claimed in the '082 Patent. In particular, the shape of the defendants' product, its five asymmetrically-shaped lobes, its round bottom with a flattened base, and the size and shape of the stem base at the top of the product demonstrate infringement. The fact that defendants' product is modeled after the Tomato Saver is further evidenced by comparing photographs of the inside of defendants' tomato container and Tomato Saver (attached hereto as Exhibits 7 and 8). Defendants' product has ridges, in the shape of a tomato, on the inside base of the product – identical to those in the Tomato Saver.

20.    The Lemon/Lime Saver product manufactured and distributed by Hutzler is based on the design and drawings of the '443 Patent. A photograph of Hutzler's Lemon/Lime Saver product is attached hereto as Exhibit 9. Attached hereto as Exhibit 10 is an advertisement of Star Glory (the presumed source of defendants' infringing products) for its "Lemon & Lime Savers".[1] The citrus container being distributed by defendants is clearly and unmistakably manufactured according to the design set forth in the '443 Patent. In particular, the shape of the defendants' product, including its round bottom with a flattened base, and the dimples on its surface demonstrate infringement.

21.    The Onion Saver product manufactured and distributed by Hutzler is based on the design and drawings of the '114 Patent. A photograph of Hutzler's Onion Saver product is attached hereto as Exhibit 11. Attached hereto as Exhibit 12 is Star Glory's advertisement for its "Onion Savers".[2] The onion container being distributed by defendants is clearly and unmistakably manufactured according to the design set forth in the '114 Patent. In particular, the shape of the

---

[1] Hutzler has not obtained a physical sample of defendants' infringing lemon/lime container.
[2] Hutzler has not obtained a physical sample of defendants' infringing onion container.

4571075v4

defendants' product, including its round bottom with a flattened base, and the symmetrical lines on its surface demonstrate infringement.

22.     In distributing the Infringing Products in the Unites States, Anjali has engaged and used companies that Hutzler has used to distribute products in the Food Saver Line.

23.     Defendant Non-Foods is a distributor, marketer, seller and sales representative agency which has sold Hutzler's products for over five years, including the Food Saver Line products bearing appropriate patent marking.

24.     On information and belief, Non-Foods has sold, and is offering for sale, Infringing Products in this judicial district and other parts of the United States.

25.     On information and belief, the Infringing Products were sold and offered for sale at an April 2008 trade show in Las Vegas, Nevada sponsored by Non-Foods.

26.     On information and belief, Anjali was the source of the Infringing Products sold and offered for sale at the trade show sponsored by Non-Foods.

27.     On information and belief, Non-Foods entered into an agreement with Anjali whereby Non-Foods (a) agreed to represent Anjali in connection with the distribution of the Infringing Products and/or to distribute the Infringing Products on Anjali's behalf and/or (b) purchased the Infringing Products from Anjali in order to sell them directly to customers.

28.     On information and belief, at the April 2008 trade show in Las Vegas sponsored by Non-Foods, Non-Foods strategically placed the Infringing Products in a prominent location near the entrance while placing Hutzler's Food Saver Line products in a less prominent location.

29.     On information and belief, Anjali has sold and offered for sale the Infringing Products to companies that have previously purchased products in the Food Saver Line from Hutzler.

30.     On information and belief, Non-Foods has sold and offered for sale the Infringing Products to companies that have previously purchased products in the Food Saver Line from Hutzler.

31.     On information and belief, Anjali has induced Hutzler's customers to purchase the Infringing Products rather than Hutzler's Food Saver Line products by promising to indemnify the customers in the event of any legal action by Hutzler.

## Irreparable Harm to Hutzler

32.     Anjali's importation and distribution of the Infringing Products is with full knowledge of Hutzler's patent rights and business operations.

33.     Anjali's importation and distribution of the Infringing Products is done with intent to compete with Hutzler.

34.     Non-Foods's distribution of the Infringing Products is with full knowledge of Hutzler's patent rights and business operations.

35.     Non-Foods's distribution of the Infringing Products is done with intent to compete with Hutzler.

36.     Prior to filing the present Complaint, Hutzler and its counsel advised defendants of Hutzler's rights in and to the '082 Patent, the '443 Patent and the '114 Patent and of Hutzler's belief that certain products being distributed by defendants infringed such patents. Neither Anjali nor Non-Foods have substantively responded to such communications.

37.    Hutzler and defendants are direct competitors vying for the business of the same group of customers.

38.    By their infringing acts, Anjali and Non-Foods have irreparably harmed Hutzler and such injury will continue and grow unless Anjali and Non-Foods are enjoined by this Court.

39.    Hutzler has built its reputation on the quality and the uniqueness of its products.

40.    The Infringing Products are more cheaply constructed and more cheaply priced than Hutzler's infringed-upon products.  On information and belief, the Infringing Products are being sold and offered for sale at a price approximately 15 percent lower than the advertised price for the Tomato Saver, the Lemon/Lime Saver and the Onion Saver.

41.    Defendants' distribution of the Infringing Products has created and will continue to create confusion irreparably damaging Hutzler's reputation and goodwill.

42.    Defendants' distribution of the Infringing Products has irreparably decreased and will continue to irreparably decrease the size of Hutzler's market share and, if not enjoined, will cost Hutzler its position as the market leader.

43.    Defendants' distribution of the Infringing Products, if not enjoined, will result in irreparable price erosion of Hutzler's patented products in that Hutzler will be forced to drastically change its pricing structure in order to compete with lower-priced "knock-off" products.

44.    Defendants' distribution of the Infringing Products, because they are more cheaply constructed than Hutzler's products, has had and will continue to have an irreparable

deleterious effect on customers' general goodwill towards plastic products resembling the type of produce they are designed to store and preserve.

45.     The popularity of the Food Savers Line (to which the infringed-upon products belong) is responsible for approximately 75 percent of Hutzler's 40 percent overall sales growth (in a depressed housewares market) in 2007 and 2008. Prior to the introduction of the Onion Saver in 2006, Hutzler's sales had plateaued; the company's sales likely would have decreased if not for the introduction of the Tomato Saver, the Lemon/Lime Saver and the Onion Saver. Moreover, products in the Food Savers Line often serve as "gateway" or "introductory" products in that they are the initial Hutzler products purchased by customers, who are then introduced to other Hutzler products. Defendants' distribution of the Infringing Products has had and will continue to have an irreparable deleterious effect on Hutzler's sales momentum and profits.

46.     If Anjali and Non-Foods are not enjoined from infringing the '114 Patent, the '443 Patent and the '082 Patent, other potential competitors will be encouraged to distribute "knock-off" products resembling the Onion Saver, the Lemon/Lime Saver and the Tomato Saver themselves, and will flood the market with even more cheaply-made and cheaply-priced "knock-off" products. Some of these potential competitors are Hutzler's own present customers.

47.     Due to defendants' actions, Hutzler has already lost numerous customers, including two major accounts.

48.     Because Hutzler's business and reputation, as well as the value of its patents, will be irreparably harmed if Anjali is not enjoined, money damages cannot sufficiently compensate Hutzler for the damage caused by Anjali's infringing acts.

-9-

49.     In contrast, neither Anjali nor Non-Foods will suffer any recognizable irreparable injury if they are enjoined.

## COUNT I
## Infringement Of The '082 Patent

50.     Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 49 above.

51.     On information and belief, Anjali and Non-Foods have made, used, imported, sold and/or offered for sale products that infringe the '082 Patent in violation of 35 U.S.C. § 271(a).

52.     On information and belief, Anjali and Non-Foods have induced others to infringe the '082 Patent by encouraging and promoting the use, manufacture, importation, sale and/or offer for sale by others of products that infringe the '082 Patent in violation of 35 U.S.C. § 271(b).

53.     On information and belief, Anjali and Non-Foods had notice and actual knowledge of the '082 Patent before the filing of this action, and their infringement of the '082 Patent has been and continues to be willful and deliberate.

54.     Hutzler has been damaged by infringement of the '082 Patent by Anjali and Non-Foods in an amount to be determined at trial.  Furthermore, by their infringing acts, Anjali and Non-Foods have irreparably harmed Hutzler and such injury will continue and grow unless Anjali and Non-Foods are enjoined by this Court.

## COUNT II
## Infringement Of The '443 Patent

55.     Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 49 above.

-10-

56.     On information and belief, Anjali and Non-Foods have made, used, imported, sold and/or offered for sale products that infringe the '443 Patent in violation of 35 U.S.C. § 271(a).

57.     On information and belief, Anjali and Non-Foods have induced others to infringe the '443 Patent by encouraging and promoting the use, manufacture, importation, sale and/or offer for sale by others of products that infringe the '443 Patent in violation of 35 U.S.C. § 271(b).

58.     On information and belief, Anjali and Non-Foods had notice and actual knowledge of the '443 Patent before the filing of this action, and their infringement of the '443 Patent has been and continues to be willful and deliberate.

59.     Hutzler has been damaged by infringement of the '443 Patent by Anjali and Non-Foods in an amount to be determined at trial. Furthermore, by their infringing acts, Anjali and Non-Foods have irreparably harmed Hutzler and such injury will continue and grow unless Anjali and Non-Foods are enjoined by this Court.

## COUNT III
### Infringement Of The '114 Patent

60.     Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 49 above.

61.     On information and belief, Anjali and Non-Foods have made, used, imported, sold and/or offered for sale products that infringe the '114 Patent in violation of 35 U.S.C. § 271(a).

62.     On information and belief, Anjali and Non-Foods have induced others to infringe the '114 Patent by encouraging and promoting the use, manufacture, importation, sale

and/or offer for sale by others of products that infringe the '114 Patent in violation of 35 U.S.C. § 271(b).

63.    On information and belief, Anjali and Non-Foods had notice and actual knowledge of the '114 Patent before the filing of this action, and their infringement of the '114 Patent has been and continues to be willful and deliberate.

64.    Hutzler has been damaged by infringement of the '114 Patent by Anjali and Non-Foods in an amount to be determined at trial. Furthermore, by their infringing acts, Anjali and Non-Foods have irreparably harmed Hutzler and such injury will continue and grow unless Anjali and Non-Foods are enjoined by this Court.

**COUNT IV**
**Tortious Interference With Business**

65.    Hutzler incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 49 above.

66.    On information and belief, at the time they sold or offered for sale the Infringing Products, Anjali and Non-Foods knew that Hutzler was selling the Onion Saver, Lemon/Lime Saver and Tomato Saver to various customers within the United States.

67.    On information and belief, at the time they sold or offered for sale the Infringing Products, Anjali and Non-Foods had notice and actual knowledge that the Tomato Saver, the Lemon/Lime Saver and the Onion Saver were subject to patents issued to Hutzler by the PTO.

68.    On information and belief, Anjali and Non-Foods knowingly, willfully and wrongfully interfered with the relationship between Hutzler and its customers by selling or offering to sell Infringing Products to Hutzler's customers either (a) without notifying such

Customers that the Infringing Products infringed certain patents held by Hutzler or (b) falsely representing that such Infringing Products did not infringe such patents.

69. Anjali and Non-Foods, through their tortious actions, directly and proximately harmed Hutzler by causing Hutzler's customers to cease doing business with Hutzler.

**WHEREFORE**, plaintiff Hutzler demands judgment against defendants as follows:

(1) Adjudging that defendants' products infringe the '082 Patent, the '443 Patent and the '114 Patent;

(2) Adjudging that defendants' infringement of the '082 Patent, the '443 Patent and the '114 Patent was willful and deliberate, and deeming this case exceptional under 35 U.S.C. § 285;

(3) Adjudging defendants to have tortiously interfered with Hutzler's business;

(4) Preliminarily and permanently enjoining defendants, their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with defendants, from infringing or inducing infringement of the '082 Patent, the '443 Patent and/or the '114 Patent and, specifically, from directly or indirectly making, using, selling or offering for sale any products embodying the inventions of the '082 Patent, the '443 Patent and/or the '114 Patent during their terms, without the express written authority of Hutzler.

(5) Awarding Hutzler damages in connection with Counts I, II and III in an amount to be determined at trial, and the trebling thereof, pursuant to 35 U.S.C. § 284 or, alternatively, damages in connection with Counts I, II and III pursuant to 35 U.S.C. § 289 based on an accounting of defendants' profits derived from its acts of infringement;

-13-

(6)    Awarding Hutzler damages in connection with Count IV in an amount to be determined at trial;

(7)    Awarding Hutzler its costs pursuant to 35 U.S.C. § 284 and its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

(8)    Awarding all such other and further relief as the Court deems just and proper under the circumstances.

New York, New York
May 16, 2008

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By:_____

Turner P. Smith (TS 8052)
Joshua L. Blosveren (JB 6194)
101 Park Avenue
New York, New York  10178
(212) 696-6000

Attorneys for Plaintiff

-14-

# Exhibit 1

US00D562082S

(12) **United States Design Patent**
     Ehrenhaus et al.

(10) Patent No.:     **US D562,082 S**
(45) Date of Patent:    ★★    **Feb. 19, 2008**

(54) **TOMATO KEEPER**

(75) Inventors: **Rich Ehrenhaus**, New York, NY (US);
                **Colin F. Gentle**, Brooklyn, NY (US)

(73) Assignee: **Hutzler Manufacturing Co., Inc.,**
               Canaan, CT (US)

(**) Term:    **14 Years**

(21) Appl. No.: 29/278,011

(22) Filed:    **Mar. 16, 2007**

(51) **LOC (8) Cl.** ................................................. **07-01**
(52) **U.S. Cl.** .......................................... **D7/628**
(58) **Field of Classification Search** ................. D7/628,
            D7/506, 539, 544; D9/643–645; 206/457;
                                      220/780–799, 805
      See application file for complete search history.

(56)              **References Cited**

            U.S. PATENT DOCUMENTS

| D103,032 S | * | 2/1937 | Buma | D7/502 |
| 2,830,731 A | * | 4/1958 | Munao | 222/78 |
| D193,690 S | * | 9/1962 | Hayes | D9/645 |
| D273,652 S | * | 5/1984 | Lederman et al. | D7/539 |

| 4,795,033 A | * | 1/1989 | Duffy | 206/457 |
| D334,865 S | * | 4/1993 | Munch | D7/539 |
| D420,915 S | * | 2/2000 | Reidenbach | D9/645 |
| D442,834 S | * | 5/2001 | Perez | D7/628 |

* cited by examiner

*Primary Examiner*—Terry A Wallace
(74) *Attorney, Agent, or Firm*—Michael J. Striker

(57)              **CLAIM**

The ornamental design for a tomato keeper, as shown and described.

              **DESCRIPTION**

FIG. 1 is a perspective view of a tomato keeper showing our new design;

FIG. 2 is a top view thereof;

FIG. 3 is a side view thereof;

FIG. 4 is the opposite side view of FIG. 3 thereof;

FIG. 5 is a front view thereof; which is a mirror image of the rear view thereof; and,

FIG. 6 is a bottom view thereof.

              **1 Claim, 2 Drawing Sheets**





FIG. 1

FIG. 2



FIG. 3

*FIG. 4*

 

*FIG. 5*



*FIG. 6*

# Exhibit 2

US00D553443S

(12) **United States Design Patent**     (10) Patent No.:     **US D553,443 S**
Hutzler et al.                            (45) Date of Patent:     ⋆⋆  Oct. 23, 2007

(54) **CONTAINER**

(75) Inventors: **Lawrence R. Hutzler**, Lakeville, CT (US); **William Kolano**, Pittsburgh, PA (US)

(73) Assignee: **Hutzler Manufacturing Co., Inc.**, Canaan, CT (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/229,838**

(22) Filed: **May 12, 2005**

(51) LOC (8) Cl. ...................................... **07-01**
(52) U.S. Cl. ........................................ **D7/539; D7/628**
(58) **Field of Classification Search** ................ D7/323, D7/368, 387–389, 392.1, 395, 396.1, 402, D7/401.2, 409, 342, 343, 345, 624.1, 624.2, D7/624.3, 601–606, 613, 619.2, 623, 625, D7/629, 642, 637–639, 643, 628, 654–656, D7/683, 684, 698, 699, 701–703, 708, 532, D7/547, 570, 584, 710, 500, 505, 506, 514, D7/509–511, 515, 538, 539, 519, 542–544, D7/551.1–551.3, 558–560; D7/563–566, D7/567, 569, 571, 573, 578, 586, 590, 599, D7/540, 543, 672, 675–676; D9/600–603, D9/310, 329, 644, 501, 738, 739, 502, 504, D9/516, 535, 539, 555; D29/119; 220/737
See application file for complete search history.

(56)                **References Cited**
U.S. PATENT DOCUMENTS

D22,157 S ⋆ 1/1893 Wahlers ......................... D9/644

| | | | |
|---|---|---|---|
| D243,913 S ⋆ | 4/1977 | Miles ........................... | D7/710 |
| 4,164,284 A ⋆ | 8/1979 | Witt et al. .................. | 206/217 |
| 4,795,033 A ⋆ | 1/1989 | Duffy ........................ | 206/457 |
| D323,602 S ⋆ | 2/1992 | Katz ......................... | D7/316 |
| D390,778 S ⋆ | 2/1998 | Lee ........................... | D9/668 |
| D394,189 S ⋆ | 5/1998 | Reynaert et al. ............ | D7/584 |
| D419,827 S ⋆ | 2/2000 | Michaeli ...................... | D7/515 |
| D424,876 S ⋆ | 5/2000 | McPartland ................. | D7/510 |
| D452,120 S ⋆ | 12/2001 | Brangle et al. .............. | D7/606 |
| D505,832 S ⋆ | 6/2005 | Rosow ........................ | D7/515 |

* cited by examiner

Primary Examiner—Philip S. Hyder
Assistant Examiner—Cynthia Underwood
(74) Attorney, Agent, or Firm—Michael J. Striker

(57)                **CLAIM**

The ornamental design for a container, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a container showing my new design, which is also a mirror image of the opposite side thereof;

FIG. 2 is a top view thereof; and,

FIG. 3 is a side view thereof which is also a mirror image of the opposite side thereof.

**1 Claim, 2 Drawing Sheets**





FIG. 2



FIG. 1



FIG. 3

# Exhibit 3

US00D538114S

(12) **United States Design Patent** (10) Patent No.: **US D538,114 S**
Kolano (45) Date of Patent: ✱✱ **Mar. 13, 2007**

(54) **ONION CONTAINER**

(75) Inventor: **William Kolano**, Pittsburgh, PA (US)

(73) Assignee: **Hutzler Manfacturing Co., Inc.**, Canaan, CT (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/259,206**

(22) Filed: **May 4, 2006**

(51) LOC (8) Cl. ..................................................... **07-01**
(52) U.S. Cl. ............................................ **D7/628; D9/644**
(58) **Field of Classification Search** ................ D7/628, D7/612–615, 602, 629; D9/643, 644; 206/457; 220/780–806, 4.21
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D196,985 S ✱ 11/1963 Schnering et al. ........... D9/644

D319,009 S ✱ 8/1991 Astrab, Jr. .................. D9/644
D349,643 S ✱ 8/1994 Szymanski ................. D9/644
D436,855 S ✱ 1/2001 Papiernik ..................... D9/428

✱ cited by examiner

*Primary Examiner*—Terry A. Wallace
(74) *Attorney, Agent, or Firm*—Michael j. Striker

(57) **CLAIM**

The ornamental design for an onion container, as shown and described.

**DESCRIPTION**

FIG. 1 is a top view of an onion container showing my new design;
FIG. 2 is a side view thereof, which is also a mirror image of the opposite side view thereof; and,
FIG. 3 is a bottom view thereof.

**1 Claim, 1 Drawing Sheet**



U.S. Patent          Mar. 13, 2007          US D538,114 S



FIG. 1

FIG. 2

FIG. 3

# Exhibit 4

# HUTZLER



# Exhibit 5

# ANJALI



# Exhibit 6



# Exhibit 7

# HUTZLER



# Exhibit 8

# ANJALI



# Exhibit 9



# Exhibit 10



# STAR GLORY LTD.

## Lemon & Lime Savers - Floorstand Display

- Keeps Cut Lemons & Limes Fresh and Moist

- Airtight and Dishwasher Safe

- Colors: Green & Yellow

- Packing: 36/units per Floorstand

- UPC: 4 893956

- Carton Dimensions: 15" x 54" x 6"



7/F., Angel Tower, 918 Cheung Sha Wan Road, Lai Chi Kok, Kowloon, Hong Kong
Tel: (852) 2251 1000 / 2721 4488    Fax: (852) 2369 9744
E-mail: sales@starglory.com.hk    Website: http://www.starglory.com.hk

# Exhibit 11



# Exhibit 12



# STAR GLORY LTD.

## Onion Savers - Counter-Top Display

- Keeps Cut Onions Fresh and Moist
- Airtight and Dishwasher Safe
- Colors: Reddish & Yellow
- Packing: 12/units per Counter-top Display,
             2 Counter-top Displays/Carton
- UPC: 4 893956 015237
- Carton Dimensions: 20" x 15" x 11"



7/F., Angel Tower, 918 Cheung Sha Wan Road, Lai Chi Kok, Kowloon, Hong Kong
Tel: (852) 2251 1000 / 2721 4488    Fax: (852) 2869 9744
E-mail: sales@starglory.com.hk    Website: http://www.starglory.com.hk