UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUTZLER MANUFACTURING COMPANY, INC.,<br><br>                              **Plaintiff,**<br><br>        v.<br><br>ANJALI IMPORTS INC. and NON-FOODS MARKETING, INC.,<br><br>                              **Defendants.** | CIVIL ACTION NO.<br>08-4579 (GEL)<br><br><u>ECF CASE</u> |

## ANJALI IMPORTS INC.'S ANSWER AND COUNTERCLAIMS

Defendant, Anjali Imports Inc. ("Anjali"), by and through its undersigned counsel, hereby submits its Answer to the Complaint of Hutlzer Manufacturing Company, Inc. ("Hutzler") as follows:

### Nature of the Action

1.     Anjali denies the allegations of paragraph 1 of the Complaint except admits that this purports to be a civil action arising under the patent laws of the United States.

### The Parties

2.     Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint and accordingly denies the same.

3. Anjali denies the allegations of paragraph 3 of the Complaint except admits that Anjali has a place of business at 224 West 30th Street in New York.

4. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 4 of the Complaint and accordingly denies the same.

## Jurisdiction and Venue

5. Anjali denies the allegations of paragraph 5 of the Complaint except admits that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Anjali denies the allegations of paragraph 6 of the Complaint.

7. Anjali denies the allegations of paragraph 7 of the Complaint.

## Allegations Common to All Claims for Relief

## Hutzler's Patents

8. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint and accordingly denies the same.

9. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint and accordingly denies the same.

## The Tomato Saver Patent

10. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint and accordingly denies the same except admits that the face of U.S. Patent D562,082 ("the '082 Patent")

reflects that an application for design patent was filed on March 16, 2007, that the date of the patent is February 19, 2008, that the assignee is purported to be Hutzler Manufacturing Co., Inc., that the design patent purports to claim the "ornamental design for a tomato keeper, as shown and described", and that a purported copy of the '082 Patent is attached to the Complaint as Exhibit 1.

    11.    Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint and accordingly denies the same.

### The Lemon/Lime Saver Patent

    12.    Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint and accordingly denies the same except admits that the face of U.S. Patent D553,443 ("the '443 Patent") reflects that an application for design patent was filed on May 12, 2005, that the date of the patent is October 23, 2007, that the assignee is purported to be Hutzler Manufacturing Co., Inc., that the design patent purports to claim the "ornamental design for a container, as shown and described", and that a purported copy of the '443 Patent is attached to the Complaint as Exhibit 2.

    13.    Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint and accordingly denies the same.

### The Onion Saver Patent

    14.    Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint and accordingly denies the

same except admits that the face of U.S. Patent D538,114 ("the '114 Patent") reflects that an application for design patent was filed on May 4, 2006, that the date of the patent is March 13, 2007, that the assignee is purported to be Hutzler Manufacturing Co., Inc., that the design patent purports to claim the "ornamental design for an onion container, as shown and described", and that a purported copy of the '114 Patent is attached to the Complaint as Exhibit 3.

15. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint and accordingly denies the same.

### Defendants' Infringement

16. Anjali denies the allegations of paragraph 16 of the Complaint except admits that Anjali manufactures products in Asia.

17. Anjali denies the allegations of paragraph 17 of the Complaint.

18. Anjali denies the allegations of paragraph 18 of the Complaint.

19. Anjali denies the allegations of paragraph 19 of the Complaint and/or lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 19 of the Complaint and accordingly denies same, except admits that a photograph purported to be of Hutzler's Tomato Saver is attached to the Complaint as Exhibit 4, that a photograph of a tomato container is attached as Exhibit 5, that a photograph purported to be of Hutzler's Tomato Saver side-by-side with a tomato container is attached to the Complaint as Exhibit 6, and that photographs purported to be of the inside of the Hutzler's

Tomato Saver and a tomato container are attached to the Complaint as Exhibts 7 and 8, respectively.

20.     Anjali denies the allegations of paragraph 20 of the Complaint, and/or lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint and accordingly denies same, except admits that a photograph purported to be of Hutzler's Lemon/Lime Saver is attached to the Complaint as Exhibit 9, and that a document listing Star Glory Ltd. at the top thereof is attached as Exhibit 10.

21.     Anjali denies the allegations of paragraph 21 of the Complaint, and/or lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint and accordingly denies same, except admits that a photograph purported to be of Hutzler's Onion Saver is attached to the Complaint as Exhibit 11, and that a document listing Star Glory Ltd. at the top thereof is attached as Exhibit 12.

22.     Anjali denies the allegations of paragraph 22 of the Complaint.

23.     Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the Complaint and accordingly denies the same.

24.     Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint and accordingly denies the same.

25. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint and accordingly denies the same.

26. Anjali denies the allegations of paragraph 26 of the Complaint.

27. Anjali denies the allegations of paragraph 27 of the Complaint.

28. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint and accordingly denies the same.

29. Anjali denies the allegations of paragraph 29 of the Complaint.

30. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 30 of the Complaint and accordingly denies the same.

31. Anjali denies the allegations of paragraph 31 of the Complaint.

### **Irreparable Harm to Hutzler**

32. Anjali denies the allegations of paragraph 32 of the Complaint.

33. Anjali denies the allegations of paragraph 33 of the Complaint.

34. Anjali denies the allegations of paragraph 34 of the Complaint.

35. Anjali denies the allegations of paragraph 35 of the Complaint.

36. Anjali denies the allegations of paragraph 36 of the Complaint, except admits that it received correspondence relating to Hutzler's alleged patent rights.

37. Anjali denies the allegations of paragraph 37 of the Complaint.

38. Anjali denies the allegations of paragraph 38 of the Complaint.

39. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 39 of the Complaint and accordingly denies the same.

40. Anjali denies the allegations of paragraph 40 of the Complaint.

41. Anjali denies the allegations of paragraph 41 of the Complaint.

42. Anjali denies the allegations of paragraph 42 of the Complaint.

43. Anjali denies the allegations of paragraph 43 of the Complaint.

44. Anjali denies the allegations of paragraph 44 of the Complaint.

45. Anjali lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 45 of the Complaint and accordingly denies the same.  Anjali also denies the allegation in paragraph 45 regarding the alleged irreparable deleterious effect on Hutzler's sales momentum and profits.

46. Anjali denies the allegations of paragraph 46 of the Complaint.

47. Anjali denies the allegations of paragraph 47 of the Complaint.

48. Anjali denies the allegations of paragraph 48 of the Complaint.

49. Anjali denies the allegations of paragraph 49 of the Complaint.

**COUNT I**
**Infringement of the '082 Patent**

50. As to paragraph 50 of the Complaint, Anjali repeats and realleges the responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Anjali denies the allegations of paragraph 51 of the Complaint.

52. Anjali denies the allegations of paragraph 52 of the Complaint.

53. Anjali denies the allegations of paragraph 53 of the Complaint.

54. Anjali denies the allegations of paragraph 54 of the Complaint.

## COUNT II
### Infringement of the '443 Patent

55. As to paragraph 55 of the Complaint, Anjali repeats and realleges the responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

56. Anjali denies the allegations of paragraph 56 of the Complaint.

57. Anjali denies the allegations of paragraph 57 of the Complaint.

58. Anjali denies the allegations of paragraph 58 of the Complaint.

59. Anjali denies the allegations of paragraph 59 of the Complaint.

## COUNT III
### Infringement of the '114 Patent

60. As to paragraph 60 of the Complaint, Anjali repeats and realleges the responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

61. Anjali denies the allegations of paragraph 61 of the Complaint.

62. Anjali denies the allegations of paragraph 62 of the Complaint.

63. Anjali denies the allegations of paragraph 63 of the Complaint.

64. Anjali denies the allegations of paragraph 64 of the Complaint.

## COUNT IV
### Tortious Interference with Business

65. As to paragraph 65 of the Complaint, Anjali repeats and realleges

the responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

      66.    Anjali denies the allegations of paragraph 66 of the Complaint.

      67.    Anjali denies the allegations of paragraph 67 of the Complaint.

      68.    Anjali denies the allegations of paragraph 68 of the Complaint.

      69.    Anjali denies the allegations of paragraph 69 of the Complaint.

      70.    Anjali denies that Hutzler is entitled to any of the relief requested in paragraphs (1) through (8) in its prayer for relief.

## **AFFIRMATIVE DEFENSES**

The following defenses are not stated separately as to each claim for relief or allegation of Hutzler. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Hutzler's claims for relief.  In asserting the following defenses, Anjali does not admit that the burden of proving the allegations or denials contained in the defenses is upon Anjali but, to the contrary, assert that the burden of proving the facts relevant to many of the defenses is upon Hutzler.  Moreover, Anjali incorporates by reference all of its prior responses to Hutzler's Complaint and, by asserting any affirmative defense, does not make any admission of responsibility, liability, or otherwise.  Since discovery has yet to commence, Anjali reserves the right to amend its Answer and to assert additional affirmative defenses to the extent discovery indicates that assertion thereof is appropriate.  By way of further answer and as affirmative defenses to Hutzler's Complaint, Anjali alleges as follows:

## **FIRST DEFENSE**

1.     Defendants do not infringe any claim of the '082 Patent, the '443 Patent and/or the '114 Patent.

## **SECOND DEFENSE**

2.     The claims of the '082 Patent, the '443 Patent and/or the '114 Patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 101 & 102.

### THIRD DEFENSE

3. One or more of the claims of the '082 Patent, the '443 Patent and/or the '114 Patent are invalid for failure to comply with 35 U.S.C. § 103.

### FOURTH DEFENSE

4. One or more of the claims of the the '082 Patent, the '443 Patent and/or the '114 Patent are invalid for failure to comply with 35 U.S.C. § 112.

### FIFTH DEFENSE

5. The Complaint fails to set forth claims upon which relief can be granted.

### SIXTH DEFENSE

6. Without admitting that Anjali is or was liable for claims asserted by Hutzler, and solely for purposes of stating this defense, any actions by Anjali were not willful, and any relief granted should reflect Anjali's lack of willfulness.

### SEVENTH DEFENSE

7. Hutzler's claims are barred by the equitable doctrines of estoppel, laches, acquiescence and/or unclean hands.

### EIGHTH DEFENSE

8. Anjali reserves the right to assert any and all additional affirmative defenses that may become available during discovery, at trial, or otherwise and to assert cross-claims or counterclaims, if appropriate.

### NINTH DEFENSE

9. This Court does not have personal jurisdiction over Anjali since Anjali has not been properly served.

**COUNTERCLAIMS**

For its counterclaim against Hutzler, Anjali alleges as follows:

1. This counterclaim is for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and arises under the United States Patent Laws.

2. This court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Hutzler has submitted itself to the jurisdiction of this Court and has admitted that venue is proper in this judicial district.

4. An actual controversy exists between Hutzler and Anjali as to whether the '082 Patent, the '443 Patent and/or the '114 Patent are invalid, unenforceable and not infringed by Anjali.

5. The '082 Patent is invalid and unenforceable for failure to comply with Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, and 112.

6. The '443 Patent is invalid and unenforceable for failure to comply with Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, and 112.

7. The '114 Patent is invalid and unenforceable for failure to comply with Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, and 112.

8. Anjali does not infringe the claim of the '082 patent.

9. Anjali does not infringe the claim of the '443 patent.

10. Anjali does not infringe the claim of the '114 patent.

**WHEREFORE**, Anjali prays for entry of judgment:

A. Declaring that the claims of the '082 Patent, the '443 Patent and/or the '114 Patent are invalid;

B. Declaring that the claims of the '082 Patent, the '443 Patent and/or the '114 Patent are unenforceable;

C. Declaring that Anjali does not infringe any claims of the '082 Patent, the '443 Patent and the '114 Patent;

D. Dismissing Hutzler's Complaint in its entirety with prejudice;

E. Declaring that Hutzler is not entitled to any damages for, or injunctive relief against, Anjali for any alleged infringement;

F. Preliminarily and permanently enjoining Hutzler from asserting against Anjali any claim of patent infringement with respect to the the '082 Patent, the '443 Patent and/or the '114 Patent;

G. Finding that this is an exceptional case under 35 U.S.C. §285 and awarding Anjali reasonable costs and reasonable attorneys fees; and

H. Awarding Anjali such other and further relief as the Court deems just and appropriate.

## **JURY DEMAND**

Anjali demands a trial by jury on all issues so triable raised in its Answer, Affirmative Defenses and Counterclaims.

                    Respectfully submitted,

                    **GOTTLIEB, RACKMAN & REISMAN, P.C.**

Dated: July 18, 2008        By: _____s/ Steven Stern_____
                                    Steven Stern (SS 5203)
                                    Richard S. Schurin (RS 0199)
                                    270 Madison Avenue
                                    New York, New York 10016
                                    Telephone: (212) 684-3900
                                    Facsimile: (212) 684-3999
                                    *Attorneys for Defendant Anjali Imports Inc.*